IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  DENNIS COUSINO,<br><br>             Plaintiff,<br><br>v.<br><br>1.  MASS MUTUAL LIFE INSURANCE COMPANY, a Mutually Owned Life Insurance Company by Members and Participating Policy Holders Home Office Springfield, Massachusetts,<br><br>             Defendant. | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. 12-CV-532-JHP-TLW<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

Defendant Massachusetts Mutual Life Insurance Company ("Defendant" or "MassMutual"), incorrectly named Mass Mutual Life Insurance Company above, for the purpose only of removing this cause to the United States District Court for the Northern District of Oklahoma, states:

**1.     State Court Action.**  This is an action filed by Plaintiff on August 28, 2012 in the District Court of Tulsa County, Oklahoma, being styled *Dennis Cousino v. Mass Mutual Life Insurance*, Cause No. CJ-2012-04521 (the "State Court Action"), essentially being a suit by Plaintiff to recover benefits under a disability income policy (the "Policy") issued by Defendant, plus extra-contractual damages and attorneys' fees.

**2.     Diversity Jurisdiction.**  This action is removable under 28 U.S.C. § 1441 and § 1332.  Plaintiff is residing in Tulsa County, Oklahoma.  [*See* State Court Action Petition, ¶ 1.]  Defendant is a Massachusetts mutual insurance company, with its

principal place of business in Springfield, Massachusetts. [*See* Declaration, Ex. 1, ¶ 2.] Therefore, Plaintiff is a citizen of Oklahoma, and Defendant is a citizen of Massachusetts for removal and diversity purposes. Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant at the time of filing suit and at the time of removal. [*Id.*]

Further, as alleged in the State Court Action, Plaintiff seeks to recover disability income benefits under the Policy issued by Defendant. [State Court Action Petition, ¶¶ 5-8, 10-12.] Specifically, Plaintiff alleges that Defendant paid him monthly disability benefits of $12,968.14 from May 1, 2006 to August 31, 2010, but then wrongfully ceased making the payments. [*Id.* ¶ 10.] Plaintiff alleges that Defendant's failure to pay him the monthly benefits after August 31, 2010 breaches the Policy and constitutes bad faith. [*Id.* ¶ 12.] Even though Plaintiff states only that "the amount in controversy exceeds $10,000.00" [*id.* ¶ 9], the foregoing allegations show that Plaintiff seeks to recover at least twenty-three months of benefits (from September 1, 2010 to August 31, 2012) under the Policy in the State Court Action. [*Id.* ¶¶ 10-13.] Those benefits alone, if payable, would total approximately $331,896.86. [*See* Declaration, Ex. 1, ¶ 3.] This Court therefore has original jurisdiction pursuant to 28 U.S.C. § 1332, inasmuch as Plaintiff's claims in the State Court Action, along with Defendant's Declaration attached hereto, show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246 (10th Cir. 2012) (removal is proper if defendant shows by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional

amount). Consequently, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

3. **Removal is Timely.** Defendant was served with process on August 31, 2012. [Declaration, Ex. 1, ¶ 4, Exhibit A.] This removal is therefore timely under 28 U.S.C. § 1446(b).

4. **State Court Documents Attached**. Attached as Exhibit "2" are copies of all process, pleadings, and orders served on Defendant in the State Court Action, including a copy of the state court docket sheet.

5. **Notice.** Defendant will give notice of filing of the Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d) and will file with the state court a notice of filing this Notice of Removal.

6. **Prayer.** Wherefore, Defendant prays that the United States District Court for the Northern District of Oklahoma accept this Notice of Removal and that it assume jurisdiction of this cause and that it issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof, and that it grant such other and further relief as may be necessary.

Respectfully submitted,


By: /s/ Gerald P. Green
    Gerald P. Green
    OBA No. 03563

PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, LLP
Clayton V. Pierce Memorial Building
1109 North Frances
Oklahoma City, Oklahoma 73106
(405) 552-5271
(405) 235-2904 (Telecopy)

Bill E. Davidoff
Texas State Bar No. 00790565
bill.davidoff@figdav.com
(Request for Admission *Pro Hac Vice* to be filed)
Amanda Sotak
Texas State Bar No. 24037530
amanda.sotak@figdav.com
(Request for Admission *Pro Hac Vice* to be filed)
FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas  75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANT
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system and all other will be served via certified mail, return receipt requested, on this the 25th day of September, 2012, which includes the following attorneys of record for Plaintiff:

Frank M. Hagedorn
J. Christopher Hastings
Hastings and Associates
1323 East 7st Street, Suite 100
Tulsa, Oklahoma 74136

                                                    /s/ Gerald P. Green
                                                  Gerald P. Green