IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS COUSINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MASSACUSETTS MUTUAL LIFE ) | Case No. 12-CV-00532-JHP-TLW |
| INSURANCE COMPANY, a Mutually ) | |
| Owned Life Insurance Company by ) | |
| Members and Participating Policy Holders ) | |
| Home Office Springfield, Massachusetts ) | |
| ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Remand [Doc. No. 17] and Defendant's Response to Plaintiff's Motion to Remand [Doc. No. 18]. After review of the briefs, and for the reasons stated below, Plaintiff's Motion to Remand is **DENIED.**

**BACKGROUND**

On August 28, 2012, Plaintiff commenced this action in the District Court of Tulsa County, Oklahoma, alleging breach of contract, failure to pay disability income, and bad faith. Plaintiff is a resident of the city of Tulsa, Oklahoma. [Doc. No. 3, Ex. 2 at 4, ¶ 2]. Defendant Massachusetts Mutual Life Insurance Company ("Mass Mutual") is a Massachusetts mutual insurance corporation, with its principal place of business in Springfield, Massachusetts. [Doc. No. 3, Ex. 1 at 1, ¶ 2]. Mass Mutual removed the case to this Court on September 25, 2012 [Doc. No. 3]. On October 12, 2012, Plaintiff filed his Motion to Remand [Doc. No. 17], arguing that Mass Mutual failed to demonstrate that this Court has subject matter jurisdiction over the instant case.

1

## DISCUSSION

"Except as otherwise expressly provided...any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...to the district court of the United States...embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Mass Mutual contends that this Court has original jurisdiction over this action based upon 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1).  There is no dispute that the amount in controversy exceeds $75,000.  However, Plaintiff challenges the existence of complete diversity, contending that both he and Mass Mutual are citizens of the state of Oklahoma for purposes of § 1332.  It is undisputed that Plaintiff is a citizen of Oklahoma.  Further, as explained below, the record in this case establishes that Mass Mutual is a citizen of Massachusetts.

The law of the state of an organization's formation controls whether the organization is a corporation for purposes of 28 U.S.C. § 1331.  It is well settled that "[i]f an entity is treated as a corporation under state law, it matters not for purposes of diversity jurisdiction whether the corporation is formally shareless or has members rather than shareholders." *Barnett v. Norfolk & Dedham Mut. Fire Ins. Co.*, 773 F. Supp. 1529, 1531 (N.D. Ga. 1991); *see also National Ass'n of Realtors v. Nat. Real Estate Ass'n, Inc.,* 894 F.2d 937, 939 (7th Cir. 1990); *Mutual Service Cas. Ins. Co. v. Country Life Ins.,* 859 F.2d 548, 551 (7th Cir. 1988); *Coté v. Wadel,* 796 F.2d 981, 983 (7th Cir. 1986); *Saxe, Bacon & Bolan, P.C. v. Martindale–Hubbell, Inc.,* 710 F.2d 87, 89 (2d Cir. 1983).  In addition, "the mere fact that a corporation is doing business or is licensed to do business in a state does not make it a citizen of that state for purposes of diversity

jurisdiction." *Sanders Co. Plumbing and Heating, Inc. v. B.B. Andersen Const. Co.,* 660 F.Supp. 752, 757 (D. Kan. 1987) (citing *Moore's Federal Practice* § 0.77[1–3], at 717.10); *Jim Walter Investors v. Empire–Madison, Inc.,* 401 F.Supp. 425, 426–27 (N.D. Ga. 1975). In accordance with these well-settled principles, "[w]hen the appropriate regulatory agency has recognized that an entity has been properly incorporated pursuant to state law, no further inquiry is appropriate in determining whether that entity is a corporation for diversity purposes; hence, mutual insurance companies that are incorporated under state law are treated as corporations for diversity purposes." 16 Couch on Ins. § 229:22.

As the parties seeking removal, Defendant bears the burden of proving that removal is proper. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995). In ruling on motion to remand, a court should determine its jurisdiction over case based upon plaintiff's pleadings at time of removal, supplemented by any affidavits or deposition transcripts filed by parties. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303 (5th Cir. 2005); *Davis ex rel. Estate of Davis v. General Motors Corp.*, 353 F. Supp. 2d 1203 (M.D. Ala. 2005). Plaintiff does not dispute any of the supplemental allegations contained in Mass Mutual's Notice of Removal; therefore, the allegations are taken as true. *See Kerns v. U.S.*, 585 F.3d 187, 193 (4th Cir. 2009).

In its Notice of Removal, Mass Mutual asserts that it is a "Massachusetts mutual insurance corporation, with its principal place of business in Springfield, Massachusetts." [Doc. No. 3, Ex. 1 at 1, ¶ 2]. Under Massachusetts law, "the general principles of law relative to the powers, duties and liabilities of corporations shall apply to all incorporated domestic companies, *including mutual insurance companies having members rather than stockholders*." *Barnett*, 773 F. Supp. at 1531 (citing Mass. Gen. Laws Ann. Chapter 175 § 30) (emphasis added). Thus, for purposes of diversity jurisdiction analysis, Mass Mutual should be treated as a corporation.

Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business...." As discussed above, for purposes of diversity jurisdiction, Mass Mutual is a corporation organized under the laws of the state of Massachusetts. Furthermore, it is undisputed that Mass Mutual's principal place of business is Springfield, Massachusetts; therefore, Mass Mutual is deemed a citizen of Massachusetts for purposes of diversity jurisdiction. As a result, there is complete diversity between Plaintiff and Mass Mutual and this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff's Motion to Remand will be denied.

## CONCLUSION

After review of the briefs, and for the reasons detailed above, Plaintiff's Motion to Remand [Doc. No. 17] is **DENIED.**

_____
James H. Payne
United States District Judge
Northern District of Oklahoma